Thomson, J.,
delivered the opinion of the court.
The only question to be determined in this case arises out of a plea of autrefois acquit. The information charged “ that Kit Carson, Jr., late of the county of Bent, and state of Colorado, on the tenth day of December, in the' year of our Lord one thousand eight hundred and ninety-one, at and within the county and state aforesaid, in and upon the said W. G. Richards, in the peace of the People, then .and there being, did then and there unlawfully, feloniously, wilfully and of his malice aforethought, make an assault, and then and there, at and against and in contact-with the said W. G. Richards, did unlawfuby, feloniously, wilfully and of liis malice aforethought, shoot a certain deadly weapon, to wit, a pistol, then and there loaded with gunpowder and leaden balls, which he, the said Kit Carson, Jr., then and there in his hand had *464 and held, with the intent then and there him the said W. G. Richards, unlawfully, feloniously, wilfully and of his malice aforethought, to kill and murder.”
To this information the defendant interposed a plea of former acquittal. It is averred in the plea that at a prior term of the same court, upon an information hied against him, charging him with the murder of one Manulita Richards, he was brought to trial; that a jury was regularly impaneled to try the cause ; that the defendant was present and the cause tried; that the evidence adduced on that trial as to the res gestee of the act charged, was, and was bound to be, substantially and materially the same, and in effect the same, as would be brought out on the trial of this cause; that the transaction charged in the information filed in this cause was connected with, and inseparable from, the transaction charged in the former information; and that the facts upon which this charge of assault with intent to kill was based, were the same as were adduced at the other trial. A copy of the record of the former case and of the evidence at the trial was incorporated into the plea. The charge contained in the information upon which the defendant was then tried was “ that Kit Carson, Jr., on the tenth day of December, A. D. 1891, at the said county of Bent, did then and there in and upon one Manulita Richards, in the peace of the People then and there being, unlawfully, feloniously, wilfully and of his malice aforethought, make an assault, and that he the said Kit Carson, Jr., a revolving pistol then and there loaded and charged with gunpowder and a leaden bullet, which said revolving pistol, he the said Kit Carson, Jr., in his right hand then and there had and held, then and there unlawfully, feloniously, wilfully and of his malice aforethought, did discharge and shoot off, to, by, against and upon and through the said Manulita Richards ; and that the said Kit Carson, Jr., with the leaden bullet aforesaid, out of his revolving pistol aforesaid, then and there by force of the gunpowder aforesaid, by the said Kit Carson, Jr., discharged and shot off as aforesaid, then and there unlawfully, feloniously, wilfully *465 and of his malice aforethought, did strike, penetrate and wound the said Manulita Richards upon and through the head of her the said Manulita Richards, thereby then and there giving to her, the said Manulita Richards, in, upon and through the head of her the said Manulita Richards, penetrating through the head of her, the said Manulita Richards, a mortal wound, of which said mortal wound she the said Manulita Richards then and there died.”
It appears from the evidence given at the trial upon that information that on the 10th day of December, 1891, there was an affray between the defendant and W. G. Richards ; that in the course of the encounter the defendant fired either two or three shots in rapid succession at Richards, and that Manulita Richards who was the wife of W. G. Richards, being in the near neighborhood, was struck by one of the shots and killed. The jury returned a verdict against the defendant of involuntary manslaughter.
To this plea of former acquittal, the plaintiff demurred on the following grounds: first, that it was not shown by the allegations of the plea that the defendant was formally acquitted of the crime of an assault with the felonious and malicious intent to murder W. G. Richards ; and second, that the plea showed that the crime for which the defendant was formerly tried was a separate and distinct offense from that of assault with intent to kill Richards. The demurrer was sustained, and the defendant convicted.
For the purposes of this inquiry all the material allegations of the plea must be taken as true, and if it sufficiently appears from them that the necessary effect of the verdict in the former case was-the defendant’s acquittal of the offense with which he stood charged by the last information, the judgment must be reversed.
The following is from our Criminal Code: “ Involuntary manslaughter shall consist in the killing of a human being without any intent so to do ; in the commission of an unlawful actor a lawful act which probably might produce such a consequence, in an unlawful manner; Provided, always, That *466 where such involuntaiy killing shall happen in the commission of an unlawful act which in its consequences naturally tends to destroy the life of a human being, oris committed in the prosecution of a felonious intent, the offense shall be deemed and adjudged to be murder.” General Statutes, 1883, p. 298.
The record of the former case as set forth in the plea discloses that Manulita Richards was killed in the progress of a quarrel between the defendant and her husband, by a shot which was not aimed at her, but at her husband; and the verdict of the jury upon the evidence was that the defendant was guilty of involuntary manslaughter. If they had found the act which produced lrer death to be unlawful, or to have been committed in the prosecution of a felonious intent, they would have been compelled to find the defendant guilty of murder; but to agree upon a verdict of involuntary manslaughter, they necessarily found that although the act which resulted in the death of Manulita was committed in an unlawful manner, jet the act itself was lawful. The defendant in his plea alleged, in substance, that the assault charged in this information, and the affray which cost Manulita her life, were one and the same transaction.. The demurrer admitted this to be true, and so accepting it, the only question which was tried, or which could possibly have been tried in the first case, was the character of the assault charged in this; and the verdict of involuntary manslaughter was, as to the alleged felonious assault upon W. G. Richards, a verdict of acquittal. Does the fact that in the former case the defendant was found not guilty of the identical assault with which he is charged in this, and the character of which was then the necessary and only subject of inquiry for the purpose of determining whether he was guilty of murder, authorize a plea of autrefois acquit notwithstanding the consequences charged in the first information were different from those charged in the second ? or, in order to make such plea available, must not only the act itself but its results be in all respects the same ? Counsel for' the People answer the latter *467 question in the affirmative, and define their position in the following language, quoted from the case In re Allison, 13 Colo. 532: “ Where one unlawful act operates on several objects, there may be sevei’al offenses committed, and so several prosecutions for the same criminal transaction, and an acquittal or conviction for one such offense will not bar a prosecution for the other.” But the facts of the case at bar are such that the principle announced by the court cannot be made applicable, and this is apparent from the language used. The expressed ground of the proposition that several offenses may arise out of one act by reason of its operation upon different objects, and each be the subject of a criminal prosecution, is the unlawfulness of the act. The facts in that case were that the defendant made an assault upon a stage coach and robbed the passengers ; and each indictment charged him’ with robbing a different passenger. It was held that each robbery was a distinct offense. It is manifest that the case is of no assistance in this investigation. If the assault h}' the defendant upon W. Gf. Richards, which caused Manulita to lose her life, was felonious, he would have been guilty of murder, and his conviction of that crime might have been no bar to this prosecution, although there are cases which hold otherwise ; but as the assault was found and adjudged not to be an offense, the question of the legal effect of one unlawful act operating upon different objects is not in the case.
The case of King v. Vandercomb and Abbott, Leach’s Crown Cases, 708, also cited for the people, is no more nearly in point. The prisoners had been iiidicted for entering a dwelling house in the night time and stealing goods therein. They were tried and acquitted. Afterwards they were indicted for breaking and entering the same dwelling house with intent to steal. They pleaded the former acquittal in bar, and the plea was disallowed. The grounds of the decision are thus lucidly stated by Mr. Justice Buffer: “The question raised by this demurrer has been argued before all the judges of England. On that argument it was contended *468 on behalf of the prisoners, that as the dwelling house in which, and the time when, the burglary is charged to have been committed are precisely the same both in the indictment for the burglary and stealing the goods, on which the prisoners were acquitted; and in the indictment for the burglary with intent to steal the goods, which is now depending, the offense charged in both is in contemplation of law the same offense, and that, of course, the acquittal on the former ; indictment is a bar to all further proceedings on the latter. To support this proposition two cases in Kelynge’s Reports were relied on. It is quite clear, that at the time the felony was committed there was only one act done, namely, the breaking the dwelling house. But this fact alone will not decide this case, for burglary is of two sorts, First, breaking and entering a dwelling house in the night time, and stealing goods therein; Secondly, breaking and entering a dwelling house in the night time, with intent to commit a felony, although the meditated felony be not in fact committed. The circumstance of breaking and entering the house is common and essential to both the species of this offense; but it does not of itself constitute the crime in either of them; for it is necessary, to the completion of burglary, that there should not only be a breaking and entering, but the breaking and entering must be accompanied with felonjr actually committed or intended to be committed; and these two offenses are so distinct in their nature, that evidence of one of them will' not support an indictment for the other. In the present pase, therefore, evidence of the breaking and entering with intent to steal, was rightly held not to be sufficient to support the indictment, charging the prisoner with having broken and entered the house, and stolen the goods stated in the first indictment; and if crimes are so distinct that evidence of the one will not support the other, it is as inconsistent with reason, as it is repugnant to the rules of law, to say that they are so far the same that an acquittal of the one shall be a bar to a prosecution for the other.”
In State v. Mikesell, 70 Iowa, 176, a former acquittal of a *469 charge of larceny was held a bar to an indictment for any other offense of which the larceny was an essential element. In Clem v. The State, 42 Ind. 420, the court decided that where a single act resulted in the death of two persons but one crime was committed. To the same effect is State v. Damon, 2 Tyler, 387. The State v. Cooper, 13 N. J. L. 361, was a ease somewhat similar to this. The defendant set fire to and burned the dwelling house of one Ralph Smith. One Joseph Hopper was in the house at the time and was killed by the fire. The defendant was indicted for arson and convicted, and a separate indictment was found against him for murder. To this he pleaded the first conviction. The court held that the killing being an unintended consequence of the burning, the two constituted but one crime, and the plea of autrefois eonviet was allowed; and in the course of the decision the court took occasion to observe that if the prisoner had been acquitted on the indictment for arson, it would have been conclusive of his innocence of the charge of murder.
What effects the defendant’s conviction of murder at the former trial would have had upon this information of felonious assault, it is unnecessary to inquire; but the killing resulted from the assault; it could not be shown without proof of the assault; for the purpose of ascertaining whether the defendant was guilty or innocent of the crime of murder, the only subject to be investigated was the act charged in this information; and the jury by their verdict of involuntary manslaughter declared that in committing the act the defendant was guilty of no violation of law. He has therefore been tried upon this identical charge, and found and adjudged not guilty; and when another prosecution was instituted against him for the same alleged assault, he was entitled to the benefit of his former acquittal.
The court erred in sustaining the demurrer and the judgment will he reversed.

Reversed.