## No. 8977.

### DAVIDSON v. THE PEOPLE.

CRIMINAL LAW—*Fomer Jeopardy.*   Two counts of the information charged the same offense.   After the conclusion of the testimony the District Attorney abandoned the first count, and a formal verdict of not guilty was returned thereto, under the direction of the court, and a formal judgment of acquittal entered.

Held a bar to a conviction under the second count.

*Error to El Paso District Court, Hon. J. W. Sheafor, Judge.*

Mr. JOHN J. MORRISSEY, Mr. WILLIAM H. SCOFIELD, Mr. CHARLES T. MAHONEY, Mr. JOSEPH J. WALSH, of counsel, for plaintiff in error.

Hon. FRED FARRAR, attorney general; Mr. W. B. MORGAN, assistant attorney general; Hon. LESLIE E. HUBBARD, attorney general; Mr. BERTRAM B. BESHOAR, assistant attorney general, for the people.

Mr. Justice Bailey delivered the opinion of the court.

THIS case arises out of a prosecution for alleged conspiracy. The information was in two counts. Defendant was convicted on the second count in the District Court of the City and County of Denver, and was granted a new trial. Upon motion, change of venue was had, and a second trial in El Paso County resulted in a disagreement of the jury. Defendant at third trial was found guilty upon the second count of the information, from which verdict and judgment he brings the case here for review on error.

The two counts in the information are admittedly descriptive of the same offense; the defendant is charged with conspiring with the same persons, on the same date, for the purpose of obtaining money from the same prosecuting witness, by means of the same false pretenses. He was placed on trial on both counts. At the close of the evidence he moved that the People be required to elect upon which count they would rely. No ruling was made upon the motion at that time, but prior to the giving of instructions, and after all the testimony was in, the court required the People to elect. The district attorney thereupon abandoned the first count, and as to it a formal verdict of not guilty was returned by the jury under direction of the court, and a formal judgment of acquittal entered accordingly.

At the second trial defendant entered a plea of former jeopardy, upon the theory that, as the first count admittedly described and referred to the same offense as that set out in the second count, acquittal upon the first count was tantamount to acquittal upon the whole information. Demurrer to this plea was interposed by the People, and sustained. On the same grounds the plea of former jeopardy was again interposed at the last trial of defendant, and its sufficiency again denied. That ruling, among others, is assigned as ground for reversal of the judgment.

In discussing the defense of *autrefois acquit,* it is said in 8 R. C. L., at page 134:

"It is an established maxim of the common law, in the administration of criminal justice, constantly recognized by elementary writers, and courts of judicature from a very

early period down to the present time, that a man shall not be brought into danger of his life or limb for one and the same offense, more than once. This rule not only prohibits a second punishment for the same offense, but it goes further and forbids a second trial for the same offense, whether the accused has suffered punishment or not, and whether in a former trial he has been acquitted or convicted. * * * The right not to be put in jeopardy a second time for the same cause is as important as the right of trial by jury, and is guarded with as much care. Accordingly, there will be found in the Constitution of the United States, and in the constitutions of most of the states, a provision that no person shall for the same offense be twice put in jeopardy, which, however, is but a recognition of the humane rule of the common law, and a plea of former conviction is good either under the constitution or the common law. The protection thus afforded is not against the peril of second punishment, but against being again tried for the same offense."

This common law rule is recognized in the Constitution of this state in Article II, Section 18, which provides:

"Nor shall any person be twice put in jeopardy for the same offense."

In *Carson v. People*, 4 Colo. App. 463, 36 Pac. 551, the rule is established that former conviction or acquittal is a bar to subsequent indictment or information for an offense for which defendant might have been convicted under the indictment and testimony in the first case. It also bars subsequent indictment for an offense which involves the same elements as those previously resolved in favor of defendant.

In *Roland v. People*, 23 Colo. 283, 47 Pac. 269, defendant was charged with larceny of a heifer, the property of a certain named co-partnership. In the second count of the information he was charged with the larceny of the same animal as the property of some person unknown. At the first trial the state was unable to prove ownership of the heifer in the co-partnership, and the court held that the

evidence was insufficient to convict on that count, and directed an acquittal thereon. The jury as to the second count disagreed. Upon a second trial, on both counts, defendant was convicted on the first, under which the court had theretofore directed an acquittal. A plea of former jeopardy was interposed, but disallowed. This court, at page 286, said:

"Section 18, article 2, of our bill of rights, protects a person against a second jeopardy for the same offense. That the defendant was put in jeopardy upon the first trial for the offense charged in the first count of the information admits of no doubt; and that the action of the court below in withdrawing that count from the consideration of the jury on account of the insufficiency of the evidence to sustain a conviction of the offense therein charged was equivalent to an acquittal of the defendant thereof is well settled by the current of authority. In *Mount v. State,* 14 Ohio 295, a case similar to the one at bar, the Supreme Court of Ohio used the following language: 'There can, we think, be no question of the right of the state, after the jury are sworn, to abandon any count, of all the counts of an indictment, even against the defendant's consent; but abandonment can not be held to be anything more than the expression of the opinion of the legal authority of the state, on the insufficiency of the evidence to produce conviction, in the case made; and it is equivalent to an acquittal. It justifies and requires from the jury, with the sanction of the court, a verdict of not guilty, and the prisoner may of right demand it. An abandonment, therefore, of a criminal prosecution, after the jury is sworn, is tantamount to an acquittal, and the effect is the same (citing authorities).' "

To be sufficient in law the plea of *autrefois acquit* must be based upon the fact that the matter set out in the second indictment or information is such as would be admissible and sustain a conviction, under the first. *Dill v. People,* 19 Colo. 469, 36 Pac. 229; *Davis v. People,* 22 Colo. 1, 43 Pac. 122. The rule is stated in 12 Cyc. 280, in the following language:

"A test almost universally applied to determine the identity of the offenses is to ascertain the identity, in character and effect, of the evidence in both cases. If the evidence which is necessary to support the second indictment was admissible under the former, related to the same crime, and was sufficient if believed by the jury to have warranted a conviction of that crime, the offenses are identical, and a plea of former conviction or acquittal is a bar."

In 8 R. C. L. 138, the circumstances under which legal jeopardy arises are detailed as follows:

"A person is in legal jeopardy when he is put in trial, before a court of competent jurisdiction, on an indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance."

In the case at bar judgment of acquittal upon the first count of the information was entered after the jury had been sworn, and the testimony was all in. It is admitted by the district attorney that the first and second counts of the information are descriptive of precisely the same offense. Having been thus acquitted of the offense charged in the first count, defendant can not be convicted of the same offense, simply because it is set out in slightly different verbiage in the second count of the information. This is equally true whether the offense is charged in different and wholly independent informations, or is set out in separate counts in one and the same information.

The judgment of the lower court is reversed, and the cause remanded, with directions to dismiss the action.

Decision *en banc.*