**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Stephen Thomas FREEMAN, Defendant-Appellant.**

**No. 83–69.**

United States Court of Appeals
Tenth Circuit.

June 20, 1969.

---

Milton C. Branch, Asst. U. S. Atty. (James L. Treece, U. S. Atty., was with him on the brief), for plaintiff-appellee.

Peter J. Wall, Denver, Colo., for defendant-appellant.

Before BREITENSTEIN, HILL and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found defendant-appellant Freeman guilty of selling LSD in violation of 21 U.S.C. §§ 321(v) (3) and 331(q) (2). He appeals from the sentence imposed.

A federal agent, Bullock, testified that on July 24, 1967, he purchased five tablets of LSD from the defendant. Two other agents witnessed the meeting of Bullock and the defendant. A government chemist testified that the tablets contained LSD. The defendant took the stand in his own behalf. He testified that he had never seen Bullock before his arrest in August, 1968. He denied making the sale to Bullock. When asked on cross-examination whether he had sold LSD, he replied: "I have transacted a couple of—a couple of deals with close friends of mine, * * *."

The defendant claims that the evidence is insufficient to sustain the verdict. He first points out the lapse of a year between the offense and the arrest. Whatever implications might arise therefrom were for the jury. The indictment was returned well within the five-year limitation period. See 18 U.S. C. § 3282. The matters relating to the

chain of possession of the tablets from agent Bullock to the chemist and back relate only to the weight to be given the testimony of the chemist. In the final analysis, the verdict depended on whether the jury believed agent Bullock or the defendant. The matter of credibility is for the jury, not for the appellate court.

The argument is also made that entrapment was established as a matter of law. The defense of entrapment is inconsistent with the denial of the transaction. See Rowlette v. United States, 10 Cir., 392 F.2d 437, 438, and Martinez v. United States, 10 Cir., 373 F.2d 810, 811–812. In any event, our review of the record convinces us that agent Bullock merely afforded the defendant an opportunity for the commission of the offense for which he already had the criminal propensity. In such circumstances there is no entrapment. See Harris v. United States, 10 Cir., 402 F.2d 464, 465, and McCarthy v. United States, 10 Cir., 399 F.2d 708, 710.

Objection is made to the cross-examination of the defendant. The question whether he had been convicted of a felony was proper because of its bearing on credibility. Coulston v. United States, 10 Cir., 51 F.2d 178, 182; see also Cotton v. United States, 10 Cir., 355 F.2d 480, 481–482. Questions relating to other activities in drugs were proper in view of the defense of entrapment because they were relevant to the pre-disposition of the defendant to commit a drug offense. See Sorrells v. United States, 287 U.S. 435, 451, 53 S.Ct. 210, 77 L.Ed. 413, and Sherman v. United States, 356 U.S. 369, 372–373, 78 S.Ct. 819, 2 L.Ed.2d 848.

The defendant requested an instruction that the lapse of time between the transaction and the filing of a criminal complaint "supports defendant's contention." The lapse of time, when the statute of limitations has not run, is no defense.

Affirmed.