## No. 25103.

### The People of the State of Colorado v. Donald Earl Smith.
(486 P.2d 8)

Decided June 21, 1971.

ROBERT R. GALLAGHER, JR., District Attorney Eighteenth Judicial District, JOHN A. TOPOLNICKI, JR., Deputy, for plaintiff-appellee.

P. ARTHUR TAGUE, P.C., for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS interlocutory appeal challenges the trial court's denial of a motion to suppress the results of an alcohol test of blood withdrawn from defendant's body without his consent.

Defendant, Donald Earl Smith, was charged in a criminal information with two felony counts of causing bodily injury by operating an automobile while under the influence of intoxicating liquor. The trial court denied the motion. We affirm the ruling of the trial court.

At approximately 1:30 a.m. on August 8, 1970, Officer Miller of the Littleton police department observed an automobile proceeding at a high rate of speed in that suburban community. He gave chase and estimated the speed of the automobile to be in excess of eighty miles

an hour. In the chase he temporarily lost sight of the automobile, but then, moments later, came upon the scene of an accident in which the same vehicle was in-volved. Smith was lying beneath the steering wheel of the overturned car. Officer Miller noted the odor of alcohol in the car and upon the person and breath of several occupants. He did not smell the odor on Smith's breath. He also found a partially empty jug of wine near the automobile.

The six people in the automobile were taken to a hospital for emergency treatment and observation. Officer Miller was apprehensive about ordering the withdrawal of a blood sample from Smith because he felt he needed Smith's consent to the procedure. He called the district attorney's office and two deputies came to the hospital. Statements were obtained from four of the occupants of the automobile. It was indicated that Smith was the driver, and one of the occupants stated Smith had been drinking wine. The deputy district attorneys advised Officer Miller to proceed with the blood alcohol test, and he then ordered the blood drawn. At 4:50 a.m. the blood sample in controversy was taken from Smith without his consent. Sometime prior to the blood-taking, Smith had been advised of his rights, as required by the *Miranda* decision, and also of his rights under the Colorado implied consent law.

The trial court made extensive findings of fact which are amply supported by competent evidence. We do not feel it necessary to detail such findings. Suffice it to say, the findings support the court's critical conclusions, among which are that Officer Miller had probable cause to arrest the defendant after the accident; that the totality of circumstances gave the officer reasonable and probable grounds to believe that the defendant had been driving while under the influence of intoxicating liquor; that the treatment of the defendant at the hospital did not violate defendant's rights and that

there was compliance with the standards required by *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908; that the blood could be taken without the necessity of a search warrant in view of the emergency which then existed; and that the consent of the defendant was not required for the taking of his blood.

The court noted that the accident and subsequent investigation occurred prior to the decision of this Court in *People v. Sanchez,* 173 Colo. 188, 476 P.2d 980. We agree with the trial court's ruling that this case is controlled by *Schmerber v. California, supra,* and by *People v. Sanchez, supra.* We also note our recent decisions in *People v. Brown,* 174 Colo. 513, 485 P.2d 500, and *People v. Fidler,* 175 Colo. 90, 485 P.2d 725.

The foregoing cases answer defendant's principal arguments in support of his motion to suppress that the taking of blood without his consent was an unlawful search and seizure; and that he was entitled to but was denied the benefit of counsel at the time the blood was taken.

The ruling is affirmed.