**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Jackson GIBSON, Defendant-Appellant.**

**No. 71–1071.**

United States Court of Appeals,
Tenth Circuit.

Aug. 13, 1971.

---

Robert J. Roth, U. S. Atty., and James A. Pusateri, Asst. U. S. Atty., Kansas City, Kan., for plaintiff-appellee.

George M. Straw, Denver, Colo., for defendant-appellant.

Before HILL, McWILLIAMS and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Robert Jackson Gibson was convicted by a jury on November 6, 1970 of offering and giving money to Frederick Haag, an officer and employee of the United States Penitentiary, Leavenworth, Kansas, with intent to induce Haag to do an act in violation of his lawful duty; to-wit: to obtain contraband for Robert Jackson Gibson, an inmate, in violation of 18 U.S.C. § 201. On appeal Gibson contends that the record discloses that he was entrapped as a matter of law.

On appeal, we must view the evidence in the light most favorable to the prosecution. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Mecham, 422 F.2d 838 (10th Cir. 1970); Johnson v. United States, 270 F.2d 721 (9th Cir. 1959). In reviewing the sufficiency of the evidence to sustain a guilty verdict, the appellate court examines the evidence to determine whether the jury was justified in finding beyond a reasonable doubt that the defendant was guilty of the offense charged. Reed v. United States, 377 F.2d 891 (10th Cir. 1967).

Gibson was an inmate of the United States Penitentiary at Leavenworth, Kansas, where Haag was employed as a correctional officer. Gibson's cell was in cellhouse B, one of four such units connected by a rotunda. During two days of the week officer Haag worked in Gibson's cellblock. During two other days of the week he worked in the cafeteria where Gibson ate his meals.

On November 13, 1970 while Haag was making his rounds, he stopped outside Gibson's cell. They talked about sports. Gibson asked Haag what he thought about some material he was knitting. Haag remarked that it was very nice. Gibson then offered to make Haag's wife a suit for Christmas but Haag declined. The next day they talked about sports again. Gibson showed Haag some material. He said that he intended to make a suit for Haag's wife. When Haag said there would be no way to get it to his wife, Gibson remarked that it would be taken care of. Haag reported this to his superiors. They asked Haag to see what Gibson wanted and to submit reports.

Gibson and Haag talked again on November 20, 1970. The suit for Haag's wife was discussed again. Haag gave Gibson some phony measurements. Gibson told him how he would get the suit to Haag's wife. Another conversation took place on November 27. After talking about knitting, the discussion turned to contraband money in the prison. Gibson volunteered that he had a large roll of money hidden somewhere. They also talked about pornographic pictures. According to Haag, Gibson asked him if he could use some extra money, following the remarks about contraband money in the prison. Haag replied he might be interested in a loan. He inquired about the interest charges. Gibson replied that it would be a gift. Gibson's account of this conversation is that Haag asked for a loan because he had four children, his wife was expecting another, his truck needed repairs and he only had $25.00 to buy Christmas presents for his family.

On November 29th, Gibson asked Haag if he would be interested in bringing some pornographic magazines and drugs into the prison. Haag was hesitant. The subject was dropped. On November 30, Gibson tried to give Haag some money to buy drugs and pornography. He was unable to do so because there were too many guards around. On December 2, 1970, Gibson gave Haag two $50.00 bills and a piece of paper which listed some pornographic magazines and a book which Gibson wanted. Haag testified that Gibson said he needed the things by Thursday and that he would then give Haag another hundred dollars. According to Gibson the money was a loan out of sympathy for Haag. Gibson said that when Haag asked if there was anything he could bring Gibson to show his gratitude, Gibson wrote the note and asked for the book and magazines.

■ Gibson contends that he was entrapped as a matter of law. Such entrapment is determined by the court. Entrapment as a matter of fact is determined by the jury. Martinez v. United States, 373 F.2d 810 (10th Cir. 1967). Entrapment as a matter of law exists only when there is undisputed testimony making it patently clear that an otherwise innocent person was induced to commit the act complained of by the trickery, persuasion or fraud of a government agent. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); United States v. Burkhart, 347 F.2d 772 (6th Cir. 1965).

■ The testimony of Gibson and Haag conflicts on many critical points. The record does not reveal entrapment as a matter of law. Therefore a finding of entrapment required a factual determination by the jury based on the weight of the evidence and the assessment of credibility of the witnesses. These are exclusive functions of the jury and not that of the appellate court. United States v. Weiss, 431 F.2d 1402 (10th Cir. 1970); Lucas v. United States, 355 F.2d 245 (10th Cir. 1966), cert. denied 384 U.S. 977, 86 S.Ct. 1873, 16 L.Ed. 2d 687 (1966). See also United States v. Freeman, 412 F.2d 1181 (10th Cir. 1969). In this case the jury determined from the facts that there was no entrapment.

■ We would therefore affirm Gibson's conviction, even had the defense of entrapment been properly at issue. However, it was not. Gibson testified

that he gave Haag the money as a loan and that Haag asked for the list so that he could repay Gibson's kindness. Gibson admitted only to an infraction of prison rules. In this jurisdiction it is well settled that an accused cannot raise the defense of entrapment unless he admits to the commission of the crime charged. Martinez v. United States, *supra*; United States v. Freeman, *supra*; Munroe v. United States, 424 F.2d 243 (10th Cir. 1970). There is an inconsistency between a denial of guilt and the defense of entrapment.

In Martinez v. United States, *supra*, this Court held that the defense of entrapment is an affirmative defense in the nature of confession and avoidance. As such the defendant must admit to the acts constituting commission of the crime charged but, in avoidance, seek relief from guilt on the ground that the criminal intent or design was not his, but rather that of government agent or agents who implanted the idea in his otherwise innocent mind by suggestion or solicitation. Nothing in the record here justifies a finding that Haag implanted the idea of bribery in Gibson's mind, or that Haag solicited Gibson to offer him a bribe. Haag simply offered Gibson an opportunity to seek to bribe him. An otherwise innocent mind would not have been willing.

The ultimate issue for determination by the jury was the innocence or guilt of the appellant to the crime charged. The jury first found against Gibson on the defense of entrapment; it then found beyond a reasonable doubt that Gibson committed the alleged acts.

Applying the reviewing tests set forth in Reed v. United States, 377 F.2d 891 (10th Cir. 1967), *supra*, reiterated and applied in Mares v. United States, 409 F.2d 1083 (10th Cir. 1968), cert. denied 394 U.S. 963, 89 S.Ct. 1314, 22 L.Ed.2d 564 (1969), we find that the evidence is sufficient to sustain the guilty verdict.

We affirm.