The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Jake SHEPHERD, Defendant–Appellee.

No. 95SA325.

Supreme Court of Colorado,
En Banc.

Dec. 11, 1995.

Peter H. Michaelson, District Attorney, Fifth Judicial District, Lindsey S. Topper, Assistant District Attorney, Leadville, for Plaintiff–Appellant.

David F. Vela, State Public Defender, Dale W. McPhetres, Deputy State Public Defender, Silverthorne, for Defendant–Appellee.

Chief Justice VOLLACK delivered the Opinion of the Court.

In this interlocutory appeal, the People seek review of an order entered by the Lake County District Court prohibiting the introduction into evidence of blood test results obtained from the defendant, Jake Shepherd. The blood tests were administered following a single-vehicle traffic accident involving a vehicle driven by the defendant. The trial court found that the investigating officer lacked probable cause to believe that the defendant was driving under the influence of alcohol and ruled that the blood tests were unlawfully administered. We reverse the trial court's ruling.

## I.

On November 13, 1994, the defendant was driving a small pickup truck from Copper Mountain to Leadville. The truck slid across three lanes of the highway on ice and snow and went over a cliff, ending up on an old highway that is no longer maintained. The truck contained the defendant driver and two other passengers, all of whom had been drinking alcoholic beverages. The defendant and one of the passengers were seriously injured, and the other passenger was dead by the time law enforcement officials arrived.

Sheriff's Deputy Carl Martschinske responded to the scene of the accident located on Colorado Highway 91 at Chalk Bluffs. Officer Martschinske testified at the suppression hearing that when he arrived on the scene, he detected the odor of an alcoholic beverage on the defendant's breath and the defendant was behaving in an erratic manner. When Trooper Ed Holte of the Colorado State Patrol arrived on the scene, Officer Martschinske informed Officer Holte that he had smelled the odor of an alcoholic beverage on the defendant's breath. Additionally, both Officer Martschinske and Officer Holte found empty beer cans lying on top of a fresh blanket of snow near the resting spot of the truck and in the path of the truck as it rolled down the embankment. However, because the defendant driver and one of the passengers were seriously injured, they were transported to the hospital without being questioned or administered roadside sobriety tests.

While investigating the accident, Officer Holte observed skid marks across three lanes of the highway. Officer Holte testified at the suppression hearing that there did not appear to be any evidence of traffic or an obstruction in the road that would have caused the defendant's truck to slide out of control. In his report to the department of revenue, Officer Holte stated that the defendant appeared to be driving too fast for conditions. Officer Holte concluded that the accident was caused by the actions of the defendant.

Based upon the information Officer Holte had gathered, he believed alcohol may have played a significant part in the accident. He believed that a blood test would be important evidence that the driver was drinking and could have been intoxicated.

Officer Holte was concerned because alcohol dissipates quickly in the blood and it would have taken several hours to obtain a search warrant authorizing the administra-

tion of blood tests. Based upon these circumstances, Officer Holte asked Sheriff's Deputy Shawn DeFabbo to obtain two blood samples from the defendant driver.

When Officer Holte arrived at the hospital to speak to the defendant, he noticed the defendant's bloodshot eyes and the odor of an alcoholic beverage on the defendant's breath. Officer Holte could not ask the defendant to perform a sobriety test at the hospital because the defendant was receiving medical treatment and was to be transported by airplane to a hospital in Denver. Instead, Officer DeFabbo collected two blood samples from the defendant, each approximately one hour apart in time. Officer DeFabbo did not ask the defendant if he would voluntarily submit to the collection of blood samples.

On December 23, 1994, Shepherd was charged with one count of vehicular homicide, in violation of section 18–3–106(1)(b)(I), 8B C.R.S. (1986), and one count of vehicular assault, in violation of section 18–3–205(1)(a), 8B C.R.S. (1986). On August 11, 1995, the trial court held a hearing on Shepherd's motion to suppress statements and evidence. Subsequently, the trial court ordered suppression of the blood test results obtained from the defendant, finding that there was no probable cause to believe that the defendant was driving while intoxicated which would have warranted administration of the blood tests.

## II.

In *People v. Sutherland,* 683 P.2d 1192 (Colo.1984), this court enumerated the criteria for obtaining blood samples involuntarily from a putative defendant:

First, there must be probable cause for the arrest of the defendant on an alcohol-related driving offense. Second, there must be a clear indication that the blood sample will provide evidence of the defendant's level of intoxication. Third, exigent circumstances must exist which make it impractical to obtain a search warrant. Fourth, the test must be a reasonable one and must be conducted in a reasonable manner.

*Id.* at 1194; *accord People v. Reynolds,* 895 P.2d 1059 (Colo.1995). This four-part test provides the basis for our analysis today.

### A.

In applying the *Sutherland* test to this case, we must first determine whether Officer Holte had probable cause to arrest Shepherd on an alcohol-related driving offense. In *Sutherland,* we found that probable cause existed where there was evidence: (a) of an automobile accident that resulted in several deaths and serious injuries; (b) that the defendant's vehicle was on the wrong side of the road at the time of the collision; and (c) that the officer noted the odor of an alcoholic beverage on the defendant's breath. *Sutherland,* 683 P.2d at 1196. Similarly, in *People v. Milhollin,* 751 P.2d 43 (Colo.1988), this court found that the requisite probable cause was present where: (a) there was evidence that the defendant was driving at an excessive speed resulting in an accident which caused injury; and (b) the officer observed the defendant with bloodshot eyes and the odor of an alcoholic beverage on his breath. *Milhollin,* 751 P.2d at 48; *see also People v. Smith,* 175 Colo. 212, 213–14, 486 P.2d 8, 9 (1971) (holding that police had probable cause to administer a blood test where there was evidence that the defendant driver was speeding and had consumed alcohol, although there were no additional indicia of intoxication).

In the current case, the officers had probable cause to arrest Shepherd on an alcohol-related driving offense based on the evidence available when the blood test was administered. First, like in *Sutherland,* the traffic accident here resulted in death and serious injuries. Second, there was evidence that Shepherd was driving too fast for conditions, as indicated by the skid marks across three lanes of the highway. There was no evidence of traffic or a road obstruction which would have caused the accident and Shepherd was the only driver in this single vehicle accident. Third, empty beer cans were found in the snow near the truck and nearby its tracks descending from the highway. Finally, Officer Martschinske detected the odor of an alcoholic beverage on Shepherd's breath and observed him behaving erratically, while Offi-

cer Holte also smelled the odor of an alcoholic beverage on Shepherd's breath and noticed Shepherd's bloodshot eyes when he saw Shepherd at the hospital. Thus, Officer Holte concluded that Shepherd caused the accident. The lack of additional indicia of intoxication is a result of the fact that the officers did not administer a roadside sobriety test because Shepherd was seriously injured and in need of medical attention.

The defendant cites *People v. Roybal,* 655 P.2d 410 (Colo.1982), for the proposition that the odor of an alcoholic beverage and the fact of an accident alone cannot give rise to probable cause to arrest. In *Roybal,* the evidence merely indicated that an accident took place, the defendant was driving one of the cars involved, and the defendant had the odor of an alcoholic beverage on him. *Roybal,* 655 P.2d at 413. In the absence of any indication that the defendant was at fault in causing the collision, we held that the police lacked the requisite probable cause to administer a blood test. *Id.* The current case is distinguishable from *Roybal* because, in addition to the odor of an alcoholic beverage on Shepherd's breath, Officers Martschinske and Holte had other circumstantial evidence that Shepherd had been drinking and had caused the accident by driving too fast for conditions. The totality of the evidence in this case was sufficient to provide the officers with the requisite probable cause to arrest Shepherd for an alcohol-related driving violation, thereby warranting the administration of a blood test.

### B.

■ The second prong of the *Sutherland* test requires a clear indication that the blood sample will provide evidence of the defendant's level of intoxication. It is important to note that this is different from the higher standard of requiring a clear indication that the defendant was intoxicated. *Milhollin,* 751 P.2d at 48. We held in *Milhollin* that "the clear indication requirement is 'easily satisfied by observation of the defendant's speech, gait, breath, appearance, and conduct.'" *Id.* (quoting *People v. Williams,* 192 Colo. 249, 258 n. 13, 557 P.2d 399, 407 n. 13 (1976)). In *Milhollin,* the officer observed that the defendant's breath had the odor of an alcoholic beverage and the defendant's eyes were bloodshot. Although there were no additional indicia of intoxication such as slurred speech or unsteady gait, this court found in *Milhollin* that there was a clear indication that a blood test would be useful to determine the level of intoxication. *Id.*

■ Similarly, in the instant case, there was a clear indication that a blood test would provide evidence of Shepherd's level of intoxication. Here, both Officers Martschinske and Holte noticed the odor of an alcoholic beverage on Shepherd's breath, Officer Martschinske observed Shepherd behaving erratically, and Officer Holte noticed that Shepherd had bloodshot eyes. Although these facts may not provide a clear indication that Shepherd was intoxicated, they sufficiently provide a clear indication that a blood test would furnish evidence of Shepherd's level of intoxication. Therefore, the facts of this case sufficiently meet the "clear indication" requirement of the *Sutherland* test.

### C.

■ The third prong of the *Sutherland* test requires that exigent circumstances exist which make it impractical to obtain a search warrant. Because alcohol dissipates quickly in the blood, this requirement is met "when time has elapsed while the driver is transported to a hospital and the investigating officer is detained at the accident scene." *Milhollin,* 751 P.2d at 48–49. In the instant case, Shepherd was transported to a hospital to receive medical attention for his injuries while Officers Martschinske and Holte remained at the accident site to investigate the cause of the accident. Moreover, Shepherd was preparing to go to a hospital in Denver, making it necessary to administer the blood tests before he did so. Therefore, as required by the *Sutherland* test, exigent circumstances existed which made it impractical for Officer Holte to obtain a search warrant before administering the blood tests.

### D.

■ Finally, the fourth *Sutherland* criterion requires that the blood test be a reason-

able one and that it be conducted in a reasonable manner. In *Milhollin,* we determined that a blood test is reasonable when it is "an effective means of determining the degree to which a person is under the influence of alcohol." *Milhollin,* 751 P.2d at 49 (quoting *Schmerber v. California,* 384 U.S. 757, 771, 86 S.Ct. 1826, 1836, 16 L.Ed.2d 908 (1966)). We also stated in *Milhollin* that a blood test is conducted reasonably when it is administered in a hospital according to accepted medical practice. *Id.* In the current case, the blood test given to Shepherd was reasonable as an effective means of determining Shepherd's blood-alcohol ratio. Moreover, the blood test was administered in a hospital by a registered nurse, presumably in accordance with accepted medical practice.[1] The fourth prong of the *Sutherland* test requiring that the blood test be reasonable is therefore satisfied.

### III.

The trial court erred in finding that the officers lacked probable cause in this case and in ordering suppression of blood test results obtained from the defendant. Because the requirements of the *Sutherland* test were met in this case, we hold that the blood samples were lawfully drawn from the defendant. We therefore reverse the trial court's order and remand for further proceedings consistent with this opinion.

---

1. The issue of whether the blood test was administered in accordance with accepted medical practice is not disputed by the parties.