**No. 28089**

**The People of the State of Colorado v. The District Court for the Second Judicial District, State of Colorado, and the Honorable Gilbert A. Alexander, as one of the Judges of the District Court**

(580 P.2d 388)

Decided June 19, 1978.

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Brooke Wunnicke, Chief Appellate Deputy, for petitioner.

Honorable Gilbert A. Alexander, pro se.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The People petition this court pursuant to C.A.R. 21 for a writ in the nature of prohibition. We issued a rule to show cause and now discharge the rule.

Defendant Raymond Swain was tried in Denver District Court for the offense of vehicular homicide. Section 18-3-106, C.R.S. 1973. The jury was unable to reach a verdict, a mistrial was declared, and the case was set for retrial. The following instruction was given to the jury at the first trial:

"Evidence that on some former occasion, a witness made a statement or statements that were inconsistent with his testimony in this trial, may be considered by you only for the limited purpose of testing the credibility of the witness. Testimony of such inconsistent statements must not be considered by you as evidence of the truth of the facts as stated by the witness on such former occasion."

This instruction is taken from *Colorado Jury Instructions (Criminal)* 4:8. The People seek to prohibit the respondent judge from giving this same instruction at the defendant's second trial.

■ The pertinent statute concerning the use of prior inconsistent statements reads as follows:

"(1) Where a witness in a criminal trial has made a previous statement inconsistent with his testimony at the trial, the previous inconsistent statement may be shown by any otherwise competent evidence and is admissible *not only for the purpose of impeaching the testimony of the witness, but also for the purpose of establishing a fact to which his testimony and the inconsistent statement relate,* if:

"(a) The witness, while testifying, was given an opportunity to explain or deny the statement, or the witness is still available to give further testimony in the trial; and

"(b) The previous inconsistent statement purports to relate to a matter within the witness's own knowledge." (Emphasis added.) Section 16-10-201, C.R.S. 1973.

When the statutory foundation requirements are met, this section explicitly provides that the prior inconsistent statements may be used both as substantive proof and as impeachment of the witness' credibility. *See People v. Mulligan,* 193 Colo. 509, 568 P.2d 449; *People v. Bastardo,* 191 Colo. 521, 554 P.2d 297.

■ Apparently, either the defendant or a witness for the defense, or both, made prior statements on noncollateral matters which were inconsistent with testimony they gave at trial. This situation is likely to recur in the defendant's second trial. Both parties now concede that if the People satisfy each of the statutory foundation requirements of section 16-10-201, then *Colorado Jury Instructions (Criminal)* 4:8 should not be given because it directs the jury to consider the prior inconsistent statements *only* for impeachment purposes. Since section 16-10-201 expressly allows use of

these statements as substantive proof as well, we agree that Instruction 4:8 should not be given in such circumstances.

Nonetheless, we are not prohibiting all use of Instruction 4:8 in the defendant's second trial because it retains vitality in certain important situations.[1]

It may develop during the second trial that the giving of Instruction 4:8 would be appropriate as to certain inconsistent statements offered for impeachment purposes only. We believe that, in the interest of avoiding confusion in the presentation of evidence of inconsistent statements, a proper foundation should be laid for the use of such statements. In *People v. Bastardo, supra,* this court stated that an *in camera* hearing was not statutorily necessary as a predicate to the introduction of an inconsistent statement offered under section 16-10-201. Although reversal was not required because of the failure to hold such an *in camera* hearing, the better practice would be to hold such a hearing. It is, therefore, appropriate that, when an inconsistent statement is offered for the purpose of establishing the truth of the fact to which the statement relates, the party offering such statement should indicate to the court his intention to do so and that an *in camera* hearing be conducted on the offer of proof to establish the statutory foundation requirements. If the court concludes that the prior inconsistent statement may not be offered for the truth of the fact to which it relates, but still may be used for the limited purpose of impeachment, then Instruction 4:8 should be given contemporaneously, thus limiting the jury's consideration of the specific evidence to impeachment of the witness.

The rule is discharged.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON dissent.


MR. JUSTICE GROVES dissenting:

I respectfully dissent.

The statute, adopted in 1972, reads:

"(1) Where a witness in a criminal trial has make a previous statement inconsistent with his testimony at the trial, the previous inconsistent statement may be shown by any otherwise competent evidence and is admissible *not only* for the purpose of impeaching the testimony of the witness,

---

[1] The following are examples when the use of Instruction 4:8 may be appropriate: If statements are obtained from a defendant in violation of his *Miranda* rights, and are used by the prosecution for impeachment purposes, then Instruction 4:8 would be a proper instruction. *See Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L. Ed.2d 1; *Jorgenson v. People,* 174 Colo. 144, 482 P.2d 962. If a defendant makes an in-court statement in connection with a subsequently withdrawn guilty plea, then this statement is admissible for impeachment purposes and Instruction 4:8 would be a proper limiting instruction. *See People v. Cole,* 195 Colo. 483, 584 P.2d 71.

*but also* for the purpose of establishing a fact to which his testimony and the inconsistent statement relate, *if:*

"(a) The witness, while testifying, was given an opportunity to explain or deny the statement, or the witness is still available to give further testimony in the trial; and

"(b) The previous inconsistent statement purports to relate to a matter within the witness's own knowledge." Section 16-10-201, C.R.S. 1973. (emphasis added).

As I read the majority opinion, the foundation, represented by subparagraphs (a) and (b), is required only upon use of evidence to establish the substantive fact, and not when merely impeachment is involved. To me, however, the wording is perfectly plain to the effect that evidence is admissible (1) not only for the purpose of impeachment, (2) but also for the substance, *if* the two conditions in (a) and (b) are met. It is inconceivable to me how the "if" can be held to relate only to the establishment of fact, but not to impeachment.

*Colorado Jury Instructions (Criminal)* 4:8 (using inconsistent statements solely for the basis of impeachment) was the law before legislation was adopted in this area. Through the years, it has been well known that pragmatically it is a fiction to think the jury is going to consider an inconsistent statement solely for the purpose of impeachment and exclude the substantive facts from consideration. It is apparent that the General Assembly concluded to do away with this fiction, by allowing the use of impeachment testimony for both purposes or none at all. The majority opinion would perpetuate the fiction with the further fiction of interpretation of the statute to have subparagraphs (a) and (b) relate only to establishing facts and not to impeachment.

I have no quarrel with the exceptions noted in footnote 1 of the majority opinion. I cannot escape the thought, however, that the statutory construction employed by the majority is based upon the way the majority thinks the law should be, and not upon what the General Assembly plainly said and meant.

MR. JUSTICE ERICKSON joins in this dissent.