The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Timothy Gene EVANS,
Defendant-Appellant.

No. 79CA0455.

Colorado Court of Appeals,
Div. III.

March 12, 1981.

Rehearings Denied April 9, 1981.

Certiorari Denied June 15, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, Cynthia C. Cederberg, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Timothy Gene Evans, appeals his conviction by a jury of first degree sexual assault in violation of § 18–3–402, C.R.S.1973 (1978 Repl. Vol. 8). We reverse.

On May 18, 1978, the complaining witness reported that she had been sexually assaulted by a man who had given her a ride home from work. On the basis of information she supplied to the police, defendant was arrested the following day.

At a pretrial suppression hearing, defendant testified that, at the time he was arrested, he was placed in the back seat of an unmarked patrol car and interrogated. Defendant was advised of his *Miranda* rights, but the trial court found that the police questioning had continued after he had asked for an attorney. The court, therefore, suppressed defendant's post-arrest statements from use in the People's case-in-chief, ruling that they were obtained in violation of the *Miranda* decision.

The court also found that defendant's statements were otherwise voluntary, the only basis for suppression being the failure to obtain an effective waiver of defendant's right to counsel. Further, it ruled that "should the defendant take the witness stand and make conflicting statements, the statements made to the Deputy Sheriff will be admissible for impeachment purposes and, whatever substantive proof of the offense consequentially follows." On the day of trial, prior to the calling of the jury, the People and defendant requested an *in li-*

*mine* clarification of the court's suppression order. The court stated: "[A]ny statement that was made can be used for impeachment and, as I believe the statute says, for substantive purposes also."

## I.

Defendant first contends that the trial court erred in ruling that the post-arrest statements obtained from him in violation of *Miranda* could be introduced in the State's rebuttal case as substantive evidence of guilt as well as for impeachment purposes. He further contends that this erroneous ruling impermissibly burdened his right to testify in his own defense. We agree.

■ Preliminarily, we disagree with the People's contention that defendant has no standing to raise this issue on appeal. The People claim that defendant was not prejudiced by the trial court's ruling because he neither testified at trial nor made any showing that his decision not to testify was influenced by the trial court's ruling. Defendant's claim that the trial court's ruling adversely affected the exercise of his right to testify in his own defense alleges sufficient prejudice to give him standing to seek review of that ruling. *People v. Salazar,* Colo.App., 610 P.2d 1354 (1980). *See New Jersey v. Portash,* 440 U.S. 450, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1979).

■ The People also contend that defendant failed to preserve any error because he made no objection at the time the trial court announced its ruling. This contention lacks merit. *See* Crim.P. 51.

■ *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) and *Oregon v. Hass,* 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975), make it clear that statements obtained from a defendant in violation of his rights under *Miranda,* even though voluntary, may not be introduced as substantive evidence of guilt. Such statements, if otherwise admissible, may be considered by the jury only for impeachment purposes. *Harris v. New York, supra; Oregon v. Hass, supra. United States v. Havens,* 446

U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980) holds that illegally obtained evidence may be proper for impeachment "but is inadmissible in the government's direct case, *or otherwise,* as substantive evidence of guilt." (emphasis supplied)

■ The inconsistent statement of witness statute, § 16–10–201, C.R.S.1973 (1978 Repl. Vol. 8), does not permit a contrary result. When a defendant takes the stand in his own defense, he becomes a witness within the meaning of this section. *See* § 13–90–101, C.R.S.1973; *cf. People v. Layton,* Colo., 612 P.2d 83 (1980). By its terms, § 16–10–201 provides that a prior inconsistent statement may be shown only by "otherwise competent evidence." Prior inconsistent statements obtained in violation of *Miranda* are competent only to the extent that they are introduced for purposes of impeachment; they are not admissible as substantive evidence of guilt. *See People v. Velarde,* 196 Colo. 254, 586 P.2d 6 (1978). Any other reading of this statute would violate a defendant's right to due process under the Fourteenth Amendment. *See People v. District Court,* 195 Colo. 570, 580 P.2d 388 (1978).

The real issue in this case, however, is whether the trial court's erroneous ruling impermissibly burdened defendant's right to testify in his own defense. We conclude that it did.

■ A defendant in a state criminal trial has a right to testify in his own behalf. *People v. Chavez,* Colo., 621 P.2d 1362 (1981); *People v. Salazar, supra.* Before an error affecting this constitutional right can be deemed harmless, an appellate court must determine beyond a reasonable doubt that the error did not contribute to the verdict. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Germany v. People,* 198 Colo. 337, 599 P.2d 904 (1979).

■ Applying this standard to the instant case, we cannot say that the burden placed on defendant's right to testify was constitutionally harmless. Defendant was forced to forego his right to testify in order

to prevent the prosecution from introducing otherwise inadmissible evidence against him as substantive proof of guilt. Had the jury had the benefit of defendant's testimony pertaining to his affirmative defense of consent, it may well have rendered a different verdict, particularly in view of the circumstances surrounding the commission of the offense. We cannot conclude beyond a reasonable doubt that the jury would have disbelieved defendant's testimony and entered a verdict of guilty.

## II.

Defendant also contends that the trial court's limitation of his cross-examination of the complaining witness abridged his right to confront his accusers. Because defendant is likely to pursue a similar line of cross-examination in his new trial, we will address his contention here.

Prior to trial, the trial court ruled that defense counsel could question the complaining witness about her boyfriend's violent behavior toward her. The court concluded this might have some relevance to her motive for telling her boyfriend that she was raped on the evening in question in that it would "explain" her 5 hour absence. However, the court ruled that defense counsel could not mention the fact that the complainant's boyfriend had been charged with manslaughter sometime after the alleged assault. We find no error in these rulings.

The limits of cross-examination of a witness concerning general credibility is within the sound discretion of the trial court. *See People v. King*, 179 Colo. 94, 498 P.2d 1142 (1972). Absent an abuse of that discretion, the trial court's ruling must be upheld. *See People v. Williams*, 40 Colo. App. 30, 569 P.2d 339 (1977). Here, the incident from which the manslaughter charge arose happened after the rape allegedly took place. Thus, whatever motive the complainant had for telling her boyfriend she had been raped could not have been inspired by this incident, and it was within the trial court's discretion to limit cross-examination in this manner.

The judgment of conviction is reversed and the cause is remanded for a new trial.

SMITH and KIRSHBAUM, JJ., concur.