The **PEOPLE** of the State of Colorado,
Plaintiff-Appellee,

v.

Eugene D. **ANGEL,**
Defendant-Appellant.

No. 83CA1196.

Colorado Court of Appeals,
Div. III.

April 4, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Roger Morris, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jess M. Perez, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Eugene D. Angel, appeals from the judgment of conviction entered following a jury verdict finding him guilty of second degree burglary and theft. We affirm.

The prosecution's evidence showed that after returning from a brief shopping trip, the victims discovered their home had been broken into and many items had been stolen. The defendant, who lived next door, was identified by the victims as the person seen on the sidewalk in front of their house as they left to go shopping. Immediately after the victims discovered the burglary, the defendant entered the household to inquire as to what was wrong. Although the defendant entered the victims' house, the victims testified that he came in only two or three steps and did not touch anything while in the house. The victims also testified that defendant had not been in the house at any other time. Police officers investigating the crime scene testified that they discovered a fingerprint that matched the defendant's fingerprints on a broken beer stein in the front room. The defendant produced evidence that he had often visited the victims' home on a social basis.

## I.

The defendant first contends that the court erred in ordering defendant to give nontestimonial evidence (fingerprints) after the trial commenced. We disagree.

The day before trial, the prosecutor asked the defendant to stipulate that the 1975 fingerprint card in the possession of the police contained his fingerprints. The defendant refused and was informed at that time that the prosecutor would seek an order to obtain his fingerprints the day of trial. On the day of trial, the prosecutor orally moved for an order pursuant to Crim.P. 16(II)(a)(1) for defendant to submit to fingerprinting. The prosecutor did not submit an affidavit setting forth the grounds for his request and did not state special circumstances to justify his request.

The defendant contends that the prosecution had to comply with the procedures set forth in Crim.P. 41.1 to obtain the evidence sought, including filing an affidavit setting forth the grounds for its request and stating special circumstances to obtain this evidence during trial. The trial court concluded that Crim.P. 16(II)(a)(1) provided the proper procedure for dealing with the prosecution's discovery request and also found that defendant was given adequate notice of the prosecution's request pursuant to Crim.P. 16(II)(a)(2).

Crim.P. 16(II)(a)(1) provides:

"Notwithstanding the initiation of judicial proceedings, and subject to constitutional limitations, upon request of the prosecuting attorney, the court may require the accused to give any nontestimonial identification as provided in Rule 41.1(h)(2)."

This rule does not require an affidavit or a showing of special circumstances to require a defendant to give nontestimonial identification evidence during a trial.

Once judicial proceedings against a defendant have been initiated, a prosecution request for nontestimonial identification evidence is governed by Crim.P. 16(II)(a)(1). *People v. District Court*, 664 P.2d 247, (Colo.1983) (fn. 5). The reference in this rule to Crim.P. 41.1(h)(2) defines the types of nontestimonial identification evidence covered by the rule.

Accordingly, because judicial proceedings had begun against defendant, Crim.P. 16(II)(a)(1) applied. And, contrary to defendant's argument, this rule does not require a prosecutor to obtain a separate

Crim.P. 41.1 order to compel defendant to provide the evidence sought. Because the notice requirements of Crim.P. 16(II)(a)(2) were complied with, the trial court did not err in granting the prosecution's discovery request.

## II.

We also disagree with the defendant's contention that the trial court erred in denying his motion for judgment of acquittal at the close of all evidence.

He argues that if the sole evidence linking a defendant to the commission of a crime is fingerprint evidence, the trial court must grant a motion for judgment of acquittal if the evidence raises a possibility that the fingerprint was impressed at a time other than the time of the crime.

In cases where the only evidence that ties defendant to a crime is fingerprint evidence, to warrant a conviction the fingerprints must clearly and unequivocally establish that an accused committed the crime. *People v. Ray*, 626 P.2d 167 (Colo. 1981). *See Hervey v. People*, 178 Colo. 38, 495 P.2d 204 (1972); *Silva v. People*, 170 Colo. 152, 459 P.2d 285 (1969).

The test adopted in *People v. Ray, supra*, is that the fingerprint evidence must be coupled with evidence of other circumstances tending reasonably to exclude the hypothesis that the prints were impressed at a time other than that of the crime. Such "circumstances" include the location of the print, the character of the place or premises where it was found, and the accessibility of the general public to the object on which the print was impressed. *People v. Ray, supra.*

When a court rules on a motion for judgment of acquittal, the issue is whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in a light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973).

Here, the print was found on a broken beer stein laying in the front room of the victims' home. The victims testified that defendant had never been in their house at any other time prior to the crime. They also testified that when he entered the house immediately after the discovery of the crime, he did not touch anything. This evidence, viewed in a light most favorable to the prosecution, is sufficient to support a conclusion that the defendant is guilty beyond a reasonable doubt. Any conflicts in the evidence raised by defendant's witnesses involved matters of credibility to be resolved by the jury. *People v. Bennett, supra; People v. Franklin*, 645 P.2d 1 (Colo.1982). Thus, the trial court did not err in denying defendant's motion for judgment of acquittal.

The judgment is affirmed.

TURSI and METZGER, JJ., concur.