Ronald Allen **MONTOYA**, Petitioner,

v.

The **PEOPLE** of the State of Colorado, Respondent.

No. 85SC143.

Supreme Court of Colorado.

July 27, 1987.

David F. Vela, Public Defender, Thomas M. Van Cleave, III, Deputy Public Defender, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia Jones, Asst. Atty. Gen., Denver, for respondent.

QUINN, Chief Justice.

We granted certiorari to review the decision of the court of appeals in *People v. Montoya*, 703 P.2d 606 (Colo.App.1985), affirming the conviction of Ronald Allen Montoya (defendant) for sexual assault on a child. The court of appeals held that the trial court, pursuant to section 16–10–201, 8A C.R.S. (1986), properly admitted extrinsic evidence of prior inconsistent statements made by several prosecution witnesses even though the prosecution failed to follow the procedures of CRE 613 by first directing the witnesses' attention to the circumstances surrounding the making of the prior statements and affording them an opportunity to explain or deny the statements. We conclude that section 16–10–201 authorized the admission of the extrinsic evidence in this case, and we accordingly affirm the judgment of the court of appeals.

## I.

The defendant was charged by information with the offense of sexual assault on a child, § 18–3–405, 8B C.R.S. (1986).[1] The charge was filed on the basis of statements made to social workers and a police officer by the defendant's stepdaughters, K.W. and T.W., who were then thirteen and eleven years of age respectively, alleging that the defendant had sexually assaulted K.W. at their home in Northglenn, Colorado, on March 3, 1982.

At a jury trial, the prosecution called as witnesses K.W., T.W., and the girls' mother, who was then married to the defendant. On direct examination the two girls were questioned concerning the events of March 3, 1982. Both denied that the defendant had assaulted K.W. on that day, although they admitted having telephoned their mother, who was in the hospital at the time, to tell her that something was going on between the defendant and K.W. The mother testified that she had spoken with the girls on the telephone that day and had become concerned that the defendant might be assaulting K.W., but she denied that the defendant had admitted to her that he had sexually assaulted the girl or that she had ever been in fear of her life from the defendant. At no time during the direct examination of these witnesses did the district attorney ask them if they had previously made statements that were inconsistent with their testimony. On cross-examination, defense counsel elicited testimony from K.W. and T.W. to the following effect: that they had planned to do something to get the defendant out of the house because they were tired of his fighting with their mother; that in carrying out their plan they had lied to a social worker and to a police officer about the alleged sexual assault; that the defendant had not sexually assaulted K.W.; and that they had

---

**1.** At the time Montoya allegedly committed the offense and was brought to trial, section 18–3–405 stated:

(1) Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim.

(2) Sexual assault on a child is a class 4 felony, but it is a class 3 felony if the actor commits the offense on a victim by use of such force, intimidation, or threat as specified in section 18–3–402(1)(a), (1)(b), or (1)(c).

8 C.R.S. (1978).

decided to tell the truth now because they were concerned about testifying truthfully under oath at trial.

In order to show that the girls' present testimony was a recent fabrication, the prosecution then sought to call three witnesses—two social workers and a police officer—for the purpose of having them relate statements made to them by the girls and their mother about the defendant's sexual assault on K.W. Defense counsel objected to this testimony, contending that the prosecution was precluded by CRE 613 from introducing extrinsic evidence of K.W.'s and T.W.'s prior inconsistent statements since the girls had admitted on cross-examination that they made the statements but that the statements were not true. The trial court overruled the objection on the basis of section 16–10–201, 8A C.R.S. (1986), which permits extrinsic evidence of prior inconsistent statements in criminal trials without the foundation requirement that the witness first deny or fail to remember making the prior statement. The trial court stated that the prior inconsistent statements were being admitted as substantive evidence as well as for impeachment purposes, and the jury was so instructed.

Susan Roos, a social worker for the Adams County Department of Social Services, testified that she had interviewed K.W. and T.W. on March 4, 1982, after having received a referral from a school social worker concerning possible sexual abuse of the girls. K.W. told Roos that she had stayed home from school on March 3 because the defendant had told her to do so. K.W. further stated that the defendant made her model some panty hose and some of her mother's clothing for him; that he continually touched her genital area despite her resistance to his advances; that he tied her legs with a rope, and after getting on top of her he rubbed her vaginal area and her breasts, and "licked her legs and kissed her;" and that he made her read to him from a pornographic book while he took a bath. T.W. told the social worker that when she arrived home from school on March 3 she found her sister's clothes scattered about the house and that she saw the

defendant in the bathroom and heard K.W.'s voice in the bathroom. Roos also related a conversation which she had with the mother at the hospital, during which the mother said that the defendant had admitted to her that he had assaulted K.W.

The prosecution called Officer Steve Hipp of the Northglenn Police Department, who had interviewed K.W. and T.W. on March 4, 1982, after he was contacted by Roos. His account of what the girls told him concerning the sexual assault was substantially the same as Roos's testimony. He also stated that he had spoken by telephone after the incident with the mother, who told him that she feared for her life because her husband was going to "get" her.

The prosecution elicited testimony from Sue Kelsall, a social worker who had become acquainted with K.W. and T.W. through her work with adolescent incest victims. Kelsall testified that K.W. on about five occasions told her she had been sexually assaulted by the defendant and further testified that both K.W. and K.W.'s mother told her they were afraid of the defendant.

The prosecution then recalled K.W. and T.W. Both girls admitted having made the prior inconsistent statements, but maintained that their prior statements were untrue. The prosecution also recalled the girls' mother to the stand. The mother admitted that she had at times feared for her safety on account of the defendant, but nonetheless continued to deny that the defendant had admitted to her that he had sexually assaulted K.W. in March 1982.

The defendant was found guilty of sexual assault on a child and was sentenced to a term of ten years. In affirming the judgment, the court of appeals rejected the defendant's claim that the trial court erred in admitting the girls' prior inconsistent statements by virtue of the prosecution's failure to follow the foundation requirements of CRE 613. The court of appeals was of the view that CRE 613 and section 16–10–201, 8A C.R.S. (1986), were in conflict with each other as to the foundation

requirements for admitting prior inconsistent statements, but held that the statute prevailed over the rule. It thus concluded that, since the challenged testimony was admissible under section 16–10–201, "no additional showing of the witness' lack of acknowledgement of the prior inconsistent statements, as required under CRE 613, was necessary," and that the trial court's admission of the prior inconsistent statements was not error. 703 P.2d at 608. We granted certiorari to consider the relationship between CRE 613 and section 16–10–201 and to determine, based on our resolution of that question, whether the admission of extrinsic evidence of prior inconsistent statements in this case was error.

## II.

The defendant's argument on the relationship between CRE 613 and section 16–10–201 proceeds as follows: CRE 613, which makes the denial or failure to remember the prior inconsistent statement a prerequisite for the admission of extrinsic evidence to prove the prior statement, does not conflict with the provision of section 16–10–201 relating to the admissibility of prior inconsistent statements as substantive evidence in a criminal case; rather, CRE 613 prohibits the admission of extrinsic evidence of the prior inconsistent statement whenever the witness admits having made the prior statement; consequently, since both K.W. and T.W. had admitted on cross-examination by defense counsel that they had made the prior inconsistent statements, the trial court erred in permitting the prosecution to offer extrinsic evidence of these prior inconsistent statements. Although we agree with the defendant—as do the People—that CRE 613 and section 16–10–201 do not conflict and can be harmonized with each other, in that they address the use and admissibility of prior inconsistent statements for different evidentiary purposes, we conclude that section 16–10–201, rather than CRE 613, controls the admissibility of the prior inconsistent statements for substantive purposes in a criminal case.

## A.

At common law a proper foundation had to be laid before extrinsic proof could be introduced to show that a witness had previously made a statement that was inconsistent with the witness' in-court testimony. This traditional foundation consisted of directing the attention of the witness to the time, place, circumstances, and content of the statement. If the witness then denied or could not remember making the statement, extrinsic evidence was admissible to prove the statement. *See* M. Graham, *Handbook of Federal Evidence* § 613.3, at 568–71 (2d ed. 1986) (hereinafter Graham); *McCormick on Evidence* § 37, at 79 (E. Cleary 3d ed. 1984). These common law foundation requirements are retained in CRE 613, which became effective on January 1, 1980, and states:

Before a witness may be examined for impeachment by prior inconsistent statement the examiner must call the attention of the witness to the particular time and occasion when, the place where, and the person to whom he made the statement. As a part of that foundation, the examiner may refer to the witness['] statement to bring to the attention of the witness any purported prior inconsistent statement. The exact language of the prior statement may be given.

Where the witness denies or does not remember making the prior statement, extrinsic evidence, such as a deposition, proving the utterance of the prior evidence is admissible. However, if a witness admits making the prior statement, additional extrinsic evidence that the prior statement was made is inadmissible.

Denial or failure to remember the prior statement is a prerequisite for the introduction of extrinsic evidence to prove that the prior inconsistent statement was made.[2]

2. CRE 613 stands in marked contrast to Fed.R. Evid. 613, which abolishes the requirement of disclosing to the witness the circumstances surrounding the making of the statement before impeaching the witness with the statement. Subject to an "interest of justice" exception, however, Fed.R.Evid. 613 prohibits extrinsic evidence of the prior inconsistent statement unless

CRE 613 accords with prior Colorado case law in precluding the admission of extrinsic evidence when a witness admits the prior inconsistent statement. *See, e.g., Duran v. People*, 162 Colo. 419, 427 P.2d 318 (1967); *Alden v. Watson*, 106 Colo. 103, 102 P.2d 479 (1940).

In 1972, as part of the Colorado Code of Criminal Procedure, the General Assembly enacted a statute authorizing the use of prior inconsistent statements in criminal trials. Ch. 44, sec. 1, § 39–10–201, 1972 Colo.Sess.Laws 190, 238–39. This statute is presently codified at section 16–10–201, 8A C.R.S. (1986), and provides as follows:

(1) Where a witness in a criminal trial has made a previous statement inconsistent with his testimony at the trial, the previous inconsistent statement may be shown by any otherwise competent evidence and is admissible not only for the purpose of impeaching the testimony of the witness, but also for the purpose of establishing a fact to which his testimony and the inconsistent statement relate, if:

(a) The witness, while testifying, was given an opportunity to explain or deny the statement or the witness is still available to give further testimony in the trial; and

(b) The previous inconsistent statement purports to relate to a matter within the witness's own knowledge.[3]

This statute does away with the earlier requirement that surprise or hostility had to be shown before one could impeach one's

own witness, *e.g., People v. Mulligan*, 193 Colo. 509, 568 P.2d 449 (1977); *People v. Hawthorne*, 190 Colo. 437, 548 P.2d 124 (1976), and, in contrast to the common law rule, it allows a prior inconsistent statement to be used as substantive evidence of the fact to which the statement relates. *E.g., People v. District Court*, 195 Colo. 570, 580 P.2d 388 (1978); *People v. Smith*, 182 Colo. 228, 512 P.2d 269 (1973). Moreover, section 16–10–201, in contrast to CRE 613, does not include the foundation requirement that a witness must have denied or failed to remember the prior statement before it can be proved by extrinsic evidence. Rather, the statute specifically provides that the previous inconsistent statement "may be shown by any otherwise competent evidence" and is admissible as substantive evidence if the following two requirements are met: (1) the witness was given an opportunity while testifying to explain or deny the statement or is still available to testify in the trial; and (2) the statement purports to relate to a matter within the witness' own knowledge.

B.

■ Section 16–10–201 has been construed as substantive in nature. *People v. Smith*, 182 Colo. at 234, 512 P.2d at 272. We acknowledge that in the event of a conflict between a statute concerning a matter of substantive import and a rule of evidence, the statute will prevail over the rule. *See People v. McKenna*, 196 Colo. 367, 373, 585 P.2d 275, 279 (1978); § 13–25–

---

the witness is first afforded an opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement. Fed.R.Evid. 613 provides as follows:

(a) **Examining Witness Concerning Prior Statement.** In examining a witness concerning a prior statement made by him, whether written or not, the statement need not be shown nor its contents disclosed to him at the time, but on request the same shall be shown or disclosed to opposing counsel.

(b) **Extrinsic Evidence of Prior Inconsistent Statement of Witness.** Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require. This

provision does not apply to admissions of a party-opponent as defined in rule 801(d)(2).

**3.** After this statute was enacted, Colorado adopted CRE 801(d)(1)(A), which provides that a statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination, and the statement is inconsistent with his testimony. There is no requirement, as there is under the corresponding federal rule, that the prior statement have been given under oath. Although a prior inconsistent statement meeting the definitional components of CRE 801(d)(1)(A) is no longer subject to a hearsay objection, it still remains a prior inconsistent statement and thus subject to the foundation requirements of other provisions of the Colorado Rules of Evidence or statutory law governing the admissibility of such statements.

128, 6 C.R.S. (1986 Supp.). However, we do not read section 16–10–201 and CRE 613 as in conflict with each other, but rather as addressing separate aspects of trial practice relating to the use and admissibility of a prior inconsistent statement for different purposes.

■ CRE 613 is directed to situations in which a prior inconsistent statement is used only for impeachment purposes. When a prior statement is admitted into evidence pursuant to CRE 613, the prior statement may be considered by the jury as an aid in judging the credibility of the witness to whom it is attributed, *McCormick on Evidence* § 34, at 74, and the jury should be instructed as to the limited purpose for which the prior statement is admitted. *See* CRE 105. When the witness admits to having made the prior inconsistent statement, it is completely logical to prohibit the introduction of extrinsic evidence to prove the prior statement. Prohibiting extrinsic evidence in such circumstances safeguards against the jury's giving undue emphasis to the statement and considering it for purposes other than the limited purpose for which it was admitted. A similar explanation has been given for the rationale underlying the common law foundation requirement for a prior inconsistent statement:

> [T]he foundation requirement fostered the use of such statements to affect credibility while discouraging the trier of fact from giving them substantive consideration. The foundation requirement served to place a prior statement in juxtaposition with the testimony at trial of the witness sought to be impeached. In addition, by enabling the witness to admit that a prior statement is his own, the foundation requirement reduced the likelihood that extrinsic evidence of the prior inconsistent statement would be introduced, evidence which is much harder for the jury not to accept substantively.

Graham § 613.3, at 569. We thus conclude that, in accordance with CRE 613, when a witness admits having made a statement inconsistent with the witness' present testimony, and the statement does not otherwise qualify for admission as substantive evidence in a criminal prosecution under section 16–10–201, the statement may not be proved by extrinsic evidence.

CRE 613 thus will have application in all civil cases and, as well, in criminal cases whenever the foundation requirements of section 16–10–201 for admissibility have not been satisfied but the statement nonetheless qualifies for admission for the limited purpose of impeaching the credibility of the witness.[4] In the context of a criminal prosecution, prior inconsistent statements which might arguably qualify for admission as impeachment evidence, rather than as substantive evidence, include the following examples, which are not intended as an exhaustive compilation: a prior custodial statement of an accused taken in violation of his *Miranda* rights[5] and thus constitutionally admissible for the limited purpose of impeaching the accused's trial testimony, *People v. District Court*, 195 Colo. at 573 n. 1, 580 P.2d at 389 n. 1; a prior statement of an accused made in connection with a subsequently withdrawn guilty plea, CRE 410; a prior statement consisting of a previously expressed opinion, rather than a matter within the witness' own knowledge, which is inconsistent with the witness' trial testimony, *United States v. Barrett*, 539 F.2d 244, 254 (1st Cir.1976); and a prior inconsistent statement in which the witness claimed a lack of recollection as to the fact in question but testifies to that fact at trial, since current recollection and prior lack of recollection are inconsistent, Graham § 613.2, at 565.

Unlike CRE 613, section 16–10–201 creates "a new rule of substantive evidence." *People v. Smith*, 182 Colo. at 234, 512 P.2d at 272. It does this by eliminating the

---

**4.** When evidence of a witness' prior statements is properly admitted for substantive purposes under section 16–10–201, it thereby qualifies for admission for impeachment purposes pursuant to the express provision of the statute, independently of the foundation requirements of CRE

613. *See People v. Smith*, 182 Colo. 228, 234, 512 P.2d 269, 272 (1973).

**5.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

hearsay impediment to using prior inconsistent statements for the purpose of proving the truth of the matters asserted therein so long as the statutory foundation requirements for substantive admissibility have been satisfied. *See People v. District Court*, 195 Colo. 570, 580 P.2d 388. Since the statute allows the jury to consider such previous inconsistent statement as proof of the fact to which the statement relates, the danger that the jury might consider the statement for some improper purpose if it is proved by extrinsic evidence is simply not present. Moreover, if the prior statement is admitted as substantive evidence, the proponent of the statement must still convince the trier of fact that the statement, not the present testimony, is the truth—a task not without difficulty when the witness admits the prior statement but offers a plausible explanation as to why he or she told one version at some prior point in time and another version at trial. *See McCormick on Evidence* § 251, at 476. Affording the proponent of the prior inconsistent statement the opportunity to offer extrinsic evidence in support of the statement will thus be particularly important when the statement qualifies for substantive admissibility pursuant to section 16–10–201.

When a prior inconsistent statement is admissible for all purposes under section 16–10–201, therefore, there is no reason to read into the statute a requirement that the witness deny or fail to remember the statement before it can be proved by extrinsic evidence, since that requirement is intended to safeguard against the risk of the jury's consideration of such evidence for substantive purposes. As long as the foundation requirements of section 16–10–201 are satisfied, the prior inconsistent statement may be proved by otherwise competent extrinsic evidence, which the jury may weigh as it does any other evidence.

## III.

When we apply these principles to the facts of this case, we are satisfied that there was no error in the trial court's admission of extrinsic evidence to prove the prior inconsistent statements of K.W., T.W., and their mother. K.W.'s testimony that the defendant did not sexually assault her was clearly inconsistent with the statement she previously made to the two social workers, Susan Roos and Sue Kelsall, and to Officer Hipp, as was T.W.'s denial that K.W. and the defendant were in the bathroom together. In similar fashion, the mother's testimony that the defendant never admitted the assault on K.W. contradicted her earlier statement to Roos.

The foundation requirements of section 16–10–201 were satisfied in this case. Not only were these witnesses available to give further testimony in the trial after their prior inconsistent statements were admitted, but they were also given an opportunity in the course of their testimony to explain or deny their prior inconsistent statements.[6] Furthermore, the prior statements related to matters within the witnesses' own knowledge—in the case of K.W., the activity between her and the defendant on March 3, 1982, the date of the offense; in the case of T.W., her observations when she returned from school on the date of the offense; and in the case of the mother, her conversation with the defendant. The prior statements of these witnesses were therefore admissible under section 16–10–201 not only for impeachment but also to establish the facts to which the statements related.

Although we disagree with the court of appeals' conclusion that CRE 613 and sec-

---

6. Although the defendant suggests that the district attorney should have given the witnesses the opportunity to deny or explain their prior statements on direct examination, we find nothing in the language of the statute that would support such a requirement. The statute states only that the witnesses must be given this opportunity "while testifying"—which clearly would include testimony on cross or redirect examination or when the witnesses are recalled. Moreover, by providing as an alternative that this foundation requirement may be satisfied if the witness is "still available to give further testimony in the trial," the statute clearly contemplates that extrinsic evidence may be introduced before the witness has had any opportunity to explain or deny the statements.

tion 16–10–201 are in conflict with each other as to the foundation requirements for the admissibility of prior inconsistent statements for substantive purposes in a criminal trial, we nonetheless are satisfied that the court of appeals correctly concluded that the extrinsic evidence relating to the prior inconsistent statements was properly admitted in this case.

The judgment is affirmed.