**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Robert Earl JENKINS, Defendant–Appellant.**

**No. 87CA0196.**

Colorado Court of Appeals, Div. IV.

July 21, 1988.

Rehearing Denied Sept. 22, 1988.

Certiorari Denied Feb. 6, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cheryl A. Linden, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant.

JONES, Judge.

Defendant, Robert Earl Jenkins, appeals the judgment of conviction entered on jury verdicts finding him guilty of second degree burglary and theft. Defendant contends: (1) the evidence was insufficient to support the verdict; (2) the prosecution failed to establish the value of the stolen goods; and (3) the trial court's admission of evidence of a prior inconsistent statement was reversible error. We affirm.

On January 29, 1986, after being away all day, the victim returned home to discover that a window had been broken and her apartment burglarized. Various electronic items and clothing had been taken. The police were called and her apartment dusted for fingerprints. Defendant's fin-

gerprint was found on a decorative wood box in the victim's living room. A neighbor told police that he had heard the sound of breaking glass and that approximately fifteen minutes later a stranger had come to his door asking to use his telephone. The stranger had commented about noise from a recent car accident, but the neighbor was convinced that the sounds he had heard were the result of a window breaking. The neighbor subsequently identified the defendant from a photo array as the stranger who had used his telephone.

Three days prior to the burglary, defendant had attended a party given by another neighbor of the victim's. During the party this neighbor and the defendant spent approximately ten minutes in the victim's apartment, sitting on the couch and smoking marijuana. During this visit, defendant used the victim's telephone. The evidence is in conflict as to which items defendant touched while in the victim's apartment and the location of those items.

The morning after the party, but the day before the burglary, the victim saw the defendant standing outside her door as she left for work, and several days later a witness saw defendant wearing a new blue shirt similar to one taken from the victim's apartment.

## I.

Defendant contends that the prosecution failed to present sufficient evidence to show that he was the perpetrator of the crimes. We disagree.

A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole and in a light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crimes charged beyond a reasonable doubt. *Taylor v. People*, 723 P.2d 131 (Colo.1986).

■ For the evidence to be sufficient it is not essential that an identifying witness make a positive identification or that he be free from doubt as to the correctness of his opinion. *People v. Watkins*, 191 Colo. 440, 553 P.2d 819 (1976). Rather, uncertainty in identification is a matter of weight and witness credibility to be considered by the jury in reaching its determination. *People v. Watkins, supra*. Similarly, occasional gaps and inconsistencies in the evidence are matters for jury resolution. *Taylor v. People, supra*.

■ Applying these standards to the record here, we conclude that ample direct and circumstantial evidence exists to support the jury's determination that defendant was guilty of the crimes charged beyond a reasonable doubt. From the totality of the evidence, a reasonable juror could infer that defendant staked out the victim's apartment, broke a window to gain entry, touched a decorative box when illegally inside the apartment, not having previously touched it, and left with a variety of electronic items and clothing, including a blue shirt he was later seen wearing.

Defendant's reliance on *People v. Ray*, 626 P.2d 167 (Colo.1981) is misplaced. Here, the fingerprint evidence does not stand alone, but was considered by the jury along with additional substantial evidence and reasonable inferences, all of which link defendant to the charged offenses. *Cf. People v. Angel*, 701 P.2d 149 (Colo.App. 1985).

## II.

Defendant next contends that his conviction must be vacated because the evidence presented as to the element of value did not substantiate the values attached to the stolen items. Again, we disagree.

■ The owner of stolen goods is competent to testify as to the value of his property, *People v. Paris*, 182 Colo. 148, 511 P.2d 893 (1973), and the measure of value to be attached to stolen goods is their reasonable market value at the time of the taking. *People v. Evans*, 44 Colo.App. 288, 612 P.2d 1153 (1980).

■ Here, the victim testified about the dates the stolen items were purchased, their original purchase price, whether that original price was less than actual retail

value, and gave her opinion as to their value at the time of the offense. Under the circumstances, the jury's determination that the value of the stolen items exceeded $300 was neither speculative nor unreasonable.

### III.

Defendant also contends the trial court erred in admitting a witness' written statement to police as evidence of a prior inconsistent statement pursuant to CRE 613. Although CRE 613 was an inappropriate vehicle for admission of the statement, we conclude nonetheless that the evidence was admissible, and that the foundation requirements for its admission were met.

The admission of extrinsic evidence as proof of a prior inconsistent statement is addressed in CRE 613 and § 16–10–201, C.R.S. (1986 Repl.Vol. 8A). CRE 613 is directed to situations in which a prior inconsistent statement is used solely for impeachment purposes, and prohibits the admission of the evidence whenever a witness admits having made the statement. *Montoya v. People,* 740 P.2d 992 (Colo.1987). In contrast, § 16–10–201, C.R.S. (1986 Repl. Vol. 8A) does not include the foundation requirement that a witness deny having made the statement. *Montoya v. People, supra.* Rather, competent extrinsic evidence admitted under this statute need only satisfy the statute's specific foundational requirements. The evidence may then be used for substantive purposes to establish the fact to which the statement relates, and when admitted for substantive purposes it thereby also qualifies for admission for impeachment purposes. *Montoya v. People, supra.*

Here, a neighbor of the victim gave police a written statement about defendant's presence in the victim's apartment on the Sunday preceding the burglary and theft. The trial court found, and we agree, that the witness' written statement was, in several respects, inconsistent with his testimony at trial. As the witness admitted having made the prior statement, there was no basis for use of the statement pursuant to CRE 613.

We conclude, however, that the written statement was properly admissible for both substantive and impeachment purposes under § 16–10–201. The record demonstrates that the foundation requirements of the statute were satisfied. The witness was still testifying when the court ruled on the admission of the evidence, and hence, he had the opportunity to explain the prior statement. Also, because he was present when defendant visited the victim's apartment, the written statement related to matters within the witness' own knowledge. Where, as here, the trial court reaches the correct result premised upon an incorrect analysis, defendant's conviction will not be overturned. *See People v. Baca,* 193 Colo. 9, 562 P.2d 411 (1977).

Defendant further contends that, regardless of whether a correct basis exists for admission of the statement, it is not relevant and should not have been admitted. The determination of relevancy of evidence is within the sound discretion of the trial court, and that determination will not be reversed absent a showing of abuse of that discretion. *See People v. Lowe,* 660 P.2d 1261 (Colo.1983); *People v. Fernandez,* 687 P.2d 502 (Colo.App.1984). Contrary to defendant's contention, the prior inconsistent statement had a direct bearing on a variety of issues central to the outcome of this case and was, therefore, relevant. CRE 401. Accordingly, the court did not abuse its discretion in admitting the statement.

The judgment is affirmed.

BABCOCK and CRISWELL, JJ., concur.