23CA2028 Peo v Horton 12-26-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA2028
Arapahoe County District Court No. 22CR41
Honorable Jacob A. Edson, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Shantail Horton,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE MOULTRIE
Welling and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 26, 2024

---

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

K. Andrew Fitzgerald, Alternate Defense Counsel, Grand Junction, Colorado,
for Defendant-Appellant

¶ 1     Defendant, Shantail Horton, appeals the judgment of conviction entered on jury verdicts finding her guilty of leaving the scene of an accident and failure to present proof of compulsory insurance.  We affirm.

## I.     Background

¶ 2     This prosecution stems from a December 2021 hit-and-run of a pedestrian.  Based on bystander observations provided the night of the accident and investigative work conducted by a detective in the days immediately thereafter, the police located the car believed to be involved in the incident.  A detective investigating the accident identified Horton as the possible driver of the car.  Horton was interviewed by the investigating detective and the People subsequently charged Horton with leaving the scene of an accident and failure to present proof of compulsory insurance.[1]  The jury convicted Horton of both charges.  This appeal followed.

---

[1] The People also charged Horton with driving under restraint.  The court bifurcated this charge, and the prosecution dismissed it after trial.

## II.    Motion for Judgment of Acquittal

¶ 3    Horton contends that the trial court erred when it denied her motion for judgment of acquittal following the prosecution's case-in-chief because the prosecution presented insufficient evidence of identity to support her convictions. We aren't persuaded.

### A.    Additional Relevant Facts

¶ 4    Aislinn Brooks, a bystander, testified that as she was driving in the center lane of a three-lane road, a "silver four-door SUV" passed her in the left-most lane and struck a pedestrian. Brooks swerved into the right-most lane to avoid hitting the victim, who had landed on the road in front of her car. Brooks stated that, other than the silver SUV, no other cars were on the road. After she pulled over, she looked in her rearview mirror and saw the silver SUV drive away. Brooks exited her vehicle and, as she was approaching the victim to check on him, she saw the silver SUV stop, and saw the driver get out of the car and "scream[] and yell[]" at the victim. Brooks testified that the driver drove in a circle, stopped, and got out of her car to yell at the victim two more times, driving away after the third time. She described the driver to police

who later arrived on the scene as a Black female with "a bushy hairstyle." Brooks said that the accident occurred between 8 p.m. and 9 p.m. "when it was dark outside."

¶ 5 A second bystander, Shawn Bert, was a passenger in a car that had stopped at the scene after the victim was struck. Bert testified that as he was walking towards the victim, he saw a woman standing over the victim, yelling, "This is your fault. You walked out in front of me." Bert said he then saw the "suspect" — the woman he saw yelling at the victim — "take off" in her car, which he described as "some kind of crossover . . . Subaru-looking," "not like a full-on SUV," and "silver or something" in color. Bert testified that he did not see what the woman looked like because it was very dark.

¶ 6 A third bystander, Steven Cohan, testified that he also stopped at the scene after the accident and saw a car that he identified as a "Vue." After speaking with other bystanders who pointed out to him the car that had hit the victim, Cohan got into his car and "went after the vehicle." He "saw a single person in the vehicle" who "appeared to be" a Black woman. Cohan called 911 and provided the police with the Vue's license plate number.

¶ 7     Detective Brian Taylor was assigned to investigate the case. Detective Taylor testified that, based on the license plate number reported by Cohan, he was able to identify the registered owner of the car. And after talking with the car's registered owner, he began looking for the person who the registered owner identified as driving that car. Detective Taylor obtained a phone number for the alleged driver and was able to speak to the alleged driver's family members to leave messages with them requesting that the driver call him. Detective Taylor testified that he specifically left messages indicating that he was trying to reach Shantail Horton.

¶ 8     A female caller who identified herself as "Shantail" called Detective Taylor and stated that she had received "a couple of messages" to call him. "Shantail" discussed the accident in the phone call with Detective Taylor, the recording of which was admitted as an exhibit during trial.

¶ 9     During the phone call, Detective Taylor said he was calling about a car accident, that "Shantail" had been identified as driving a Saturn Vue, and that there was "no question" that she was the driver. "Shantail" then said that "the man just ran out" and "jumped in to [her] car." "Shantail" also said that it was a

4

three-lane road; the man was in the middle lane; she honked before getting into the left lane; and she tried to swerve, but she "thought he kept walking and all of the sudden he was back at [her] car." "Shantail" further described how she "stopped, did a U-turn and [she] came back," exited her car, and — because she was scared and didn't know what to do — she left the scene. "Shantail" also made statements indicating that the registered owner of the car was her father and the same person who Detective Taylor testified had identified Horton as the driver of the car.

¶ 10    Detective Taylor testified that he located a silver Saturn Vue with the same license plate number Cohan had provided parked in front of the address listed on Horton's driver's license. Detective Taylor described the Saturn Vue as a "smaller size vehicle on its way to being an SUV," and "a small four-door sedan . . . a smaller compact hatchback." He also took photographs of the car that showed a deformity in the driver's side molding where the driver's side front bumper "ha[d] become detached from the upper fender area." The trial court admitted a driver's license dossier that Detective Taylor identified as belonging to Shantail Horton, which included her photograph and her driver's license information.

Detective Taylor identified Horton in the courtroom as the same person matching the picture on the driver's license dossier. Finally, Detective Taylor testified that he texted "Shantail's" phone number, provided his cell phone number and email address, and requested that she email or text a copy of the Saturn Vue's insurance to him. But he did not receive a response to that text message, and Horton did not provide insurance information to him or any other officer.

¶ 11 Horton moved for judgment of acquittal as to both counts, arguing that the prosecution had failed to prove the element of identity. In its ruling, the court recognized that "there may be some circumstances where the jury may have some difficulties determining inconsistencies of testimony provided, . . . which includes the physical descriptors of the driver on scene versus [Horton.]" However, focusing on the evidence of the silver Saturn Vue being the vehicle that struck the victim and other circumstantial evidence tying Horton to the accident, the court denied Horton's motion, finding there was sufficient evidence to sustain a conviction on each count when the evidence was considered in the light most favorable to the prosecution.

## B. Standard of Review and Applicable Law

¶ 12    When reviewing the denial of a motion for judgment of acquittal, we review the record de novo to determine whether the evidence before a jury was sufficient both in quantity and quality to sustain a conviction. *Montes-Rodriguez v. People*, 241 P.3d 924, 927 (Colo. 2010). We will affirm if the relevant evidence, when viewed in the light most favorable to the prosecution, is "substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." *Id.* (quoting *People v. Gonzales*, 666 P.2d 123, 127 (Colo. 1983)).

¶ 13    In analyzing the sufficiency of the evidence, we give the prosecution the benefit of every reasonable inference that can be fairly drawn from the evidence, *Gorostieta v. People*, 2022 CO 41, ¶ 17, and we recognize it is for the jury "to determine the difficult questions of witness credibility and the weight to be given to conflicting items of evidence," *People v. Kessler*, 2018 COA 60, ¶ 12. Where reasonable minds could differ, we deem the evidence sufficient to sustain a conviction. *People v. Carlson*, 72 P.3d 411, 416 (Colo. App. 2003); *see also Thomas v. People*, 2021 CO 84, ¶ 10 (noting that the appellate court does not serve as a thirteenth juror

during de novo review of the sufficiency of the evidence to support a conviction and will not second-guess evidence-supported juror findings).

¶ 14  To convict a defendant of leaving the scene of an accident resulting in serious bodily injury, the prosecution must prove, as relevant here, that the driver of a vehicle directly involved in an accident that resulted in serious bodily injury to any person failed to immediately stop their vehicle at the scene of the accident or failed to return to and remain at the scene of the accident to provide their contact information and render aid to the injured person.  *See* §§ 42-4-1601(1), 2(b), 42-4-1603(1), C.R.S. 2024.

¶ 15  To convict a defendant of failure to present proof of insurance after an accident, the prosecution must prove that an owner or operator of a motor vehicle failed to present evidence of lawful insurance after being requested to do so during any traffic investigation by a peace officer.  *See* § 42-4-1409(3)(a), C.R.S. 2024.

¶ 16  A jury must find that the prosecution has proven all elements of a charged offense — including identity — beyond a reasonable doubt.  *See Gorostieta,* ¶ 18; *see also People v. Watkins,* 553 P.2d 819, 821 (Colo. 1976) (identity is an element which must be proven

beyond a reasonable doubt). A witness need not make a positive identification of a defendant for evidence of identity to be sufficient. *People v. Jenkins*, 768 P.2d 727, 729 (Colo. App. 1988). And it is not essential that an identifying witness "be free from doubt as to the correctness of his opinion." *Id.* "Rather, uncertainty in identification is a matter of weight and witness credibility to be considered by the jury in reaching its determination." *Id.*

## C. Analysis

¶ 17 Horton argues that the prosecution failed to present sufficient evidence that she was the perpetrator of both crimes because (1) the bystander witnesses could not accurately identify her, and (2) Detective Taylor could not "truly identify" her because his interview of her was not in person. Thus, she argues, the trial court erred by denying her motion for judgment of acquittal and her resulting convictions should be vacated. We disagree with both contentions and conclude that sufficient evidence established Horton's identity.

### 1. Bystander Identification Testimony

¶ 18 We recognize, as the trial court did, that the bystanders' description of the driver they witnessed at the scene of the accident

conflicted with other evidence presented, such as Horton's driver's license photo. But we conclude that the jury reasonably could have inferred from other circumstantial evidence presented during the trial that Horton was the driver.

¶ 19 The prosecution presented testimony from Brooks that she saw a Black woman who was driving a silver four-door SUV hit the victim and that no other cars were there at the time. Brooks also saw that same woman return to the scene multiple times. Cohan testified that he followed the same car Brooks saw, which he identified as a silver Saturn Vue, and reported the license plate of that car to the police.

¶ 20 The prosecution also presented testimony that Detective Taylor identified the registered owner of the car based on the license plate number Cohan reported, and the car's registered owner, in turn, provided information about the potential driver of the car. Detective Taylor contacted the potential driver of the car through family members stating he was looking for Shantail Horton. A woman voluntarily called Detective Taylor, identified herself as "Shantail," acknowledged that she had received Detective Taylor's messages, described the circumstances of an accident similar to

those described by the bystanders, acknowledged hitting someone with a car, and confirmed that her father was the registered owner of the car. Finally, the prosecution presented evidence that the car was parked at Horton's residence, had a license plate number matching the plate number reported by Cohan and the plate number listed on Shantail Horton's driver's license dossier, and had damage to the molding on the driver's side front bumper.

¶ 21 Viewing this evidence as a whole and in the light most favorable to the prosecution, we conclude that the evidence and the reasonable inferences from it are sufficient to support the jury's conclusion that Horton was the driver of the car that hit and injured the victim, notwithstanding any uncertainty the bystanders may have expressed in their testimony about the driver's physical description. And because it was within the province of the jury to assess and weigh any conflicts or discrepancies in the bystanders' testimony, we won't disturb the jury's determination. *See People v. Perez*, 2016 CO 12, ¶ 31 (noting that it is left to the fact finder to weigh "conflicting reasonable inferences").

¶ 22 Additionally, we reject Horton's contention that the trial court did not adequately consider the factors outlined in *People v.*

11

*Martinez*, 734 P.2d 126 (Colo. App. 1986), to evaluate the reliability of the witnesses' testimony against the "suggestive identification" presented by Horton's driver's license dossier.

¶ 23    *Martinez* involved a trial court's denial of a defendant's motion in limine to suppress a victim's pretrial identification of the defendant. In that case, a division of this court discussed the factors that a trial court should use to evaluate whether a witness's pretrial identification of a defendant is reliable despite unduly suggestive pretrial identification procedures. *Martinez*, 734 P.2d at 128-29. Horton, however, did not move pretrial to suppress any witness's identification of her. Horton never asserted — either in her objection during trial to the admission of the dossier, or otherwise — that any of the witnesses' pretrial identifications were subject to unduly suggestive pretrial procedures. At no point did Horton raise this issue for the trial court. And in any event, "where an in-court identification is not preceded by an impermissibly suggestive pretrial identification procedure" and "nothing beyond the inherent suggestiveness of the ordinary courtroom setting" makes the identification "constitutionally suspect," due process

12

does not require the trial court to screen the identification for reliability. *Garner v. People*, 2019 CO 19, ¶ 5.

¶ 24 Accordingly, we conclude that the trial court did not err by not applying the *Martinez* factors when considering Horton's motion for judgment of acquittal. *See People v. Snelling*, 2022 COA 116M, ¶ 33 (Under the plain error standard, we will reverse an unpreserved error only if the error was obvious, substantial, and "so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction.") (citation omitted).

### 2. Detective Taylor's Identification Testimony

¶ 25 Horton also asserts that Detective Taylor could not "truly identify" her because he only interviewed her by phone. We aren't persuaded.

¶ 26 As already discussed, sufficient and substantial circumstantial evidence connected Horton to the car identified as being involved in the accident, and Detective Taylor's investigation led him to Horton's family members, with whom he left messages stating he was looking for her. Horton identified herself to Detective Taylor, acknowledged the messages that had been left with her family members, stated she left the scene of an accident where a man was

hit, and acknowledged numerous other factual circumstances consistent with testimony provided by the bystander witnesses. "With regard to a phone call, self-identification is sufficient to establish the identity of a party to the call when it is coupled with additional circumstantial evidence." *People v. Dutton*, 2014 COA 51, ¶ 14.

¶ 27 Accordingly, we conclude that the evidence — considered as a whole and in the light most favorable to the prosecution — was substantial and sufficient to support a conclusion by a reasonable jury that Horton was the individual driving the car who left the scene of the accident and failed to provide police with the car's insurance. Thus, the trial court did not err when it denied Horton's motion for judgment of acquittal.

III. Disposition

¶ 28 We affirm the judgment of conviction.

JUDGE WELLING and JUDGE BROWN concur.